70 F.3d 1289
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Quinton L. COOK, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3684.
 United States Court of Appeals, Federal Circuit.
 Oct. 31, 1995.
 
 Before RICH, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and NEWMAN, Circuit Judge.
 ON MOTION
 ORDER
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 The Merit Systems Protection Board moves for summary affirmance of its decision dismissing Quinton L. Cook's appeal for lack of jurisdiction. Cook has not responded.
 
 
 2
 On May 30, 1995, the Administrative Judge dismissed Cook's appeal for lack of both personal and subject matter jurisdiction, stating:
 
 
 3
 On April 6, 1995, the appellant sought to appeal to the Board from the [North Carolina Industrial Commission]'s alleged improper processing of his tort claim. For the reasons below, the appeal is DISMISSED for lack of jurisdiction.
 
 
 4
 ....
 
 
 5
 [T]he parties were advised that there was a question whether the Board had personal jurisdiction over the appellant because it did not appear that he was currently a Federal employee, a former Federal employee, or an applicant for Federal employment. He was also advised that it did not appear that the Board had subject matter jurisdiction because of the nature of the matter appealed and the agency involved. Appeal File, Tab 2. And, both the appellant and the agency were afforded the opportunity to submit evidence and argument on this issue. Id. However, only the appellant has filed a response regarding the jurisdictional issue.
 
 
 6
 The appellant has not cited, nor can I find, any statutory or regulatory basis for the Board to exercise jurisdiction in this case. In addition, there is no basis for the appellant's apparent belief that his claims of national origin discrimination and harmful procedural error confer jurisdiction upon the Board.... As to his claim of whistleblowing, I note that even if he had made protected disclosures within the meaning of 5 U.S.C. Sec. 2302(b)(8), the processing of a tort claim is not a personnel action upon which an individual-right-of-action (IRA) appeal could be based. See 5 U.S.C. Sec. 2302(a)(2)(A). And, even if it were, the appellant has indicated on his appeal form (Appeal File, Tab 4) that he has not first sought corrective action before the Office of Special Counsel as required. See 5 U.S.C. Sec. 1214(a)(3); Ellison v. Merit Systems Protection Board, 7 F.3d 1031, 1035-36 (Fed.Cir.1993).
 
 
 7
 For all the reasons set forth above, I find that this appeal must be dismissed for lack of jurisdiction.
 
 
 8
 The Board moves for summary affirmance.
 
 
 9
 Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In the present case, it is clear that summary disposition is warranted. The Merit Systems Protection Board does not have jurisdiction over a petitioner who is not a federal employee, a former federal employee, or an applicant for federal employment. See 5 U.S.C. Secs. 2302(a), 7511. Further, Cook's appeal concerned the allegedly improper processing of his tort claim by the North Carolina Industrial Commission, which is a state agency. The Board does not have jurisdiction over actions involving state agencies or tort claims. See 5 C.F.R. Sec. 1201.3.
 
 
 10
 Accordingly,
 
 IT IS ORDERED THAT:
 
 11
 (1) The Board's motion for summary affirmance is granted.
 
 
 12
 (2) Each side shall bear its own costs.